IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD C. KOLESAR, | No. 1:20-cv-0166E |
| Plaintiff | **LEAD CASE** |
| v. | |
| PACIFICA BEAUTY, LLC | |
| Defendant | |

| | |
|---|---|
| ROBERT JAHODA, | No. 2:20-cv-1013 |
| Plaintiff | **MEMBER CASE** |
| v. | (Judge Schwab) |
| THE WEBSTAURANT STORE, INC., | |
| Defendant | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, The Webstaurant Store, Inc. ("Defendant"), by its undersigned counsel, files this Answer and Affirmative Defenses to the Complaint as follows:

### INTRODUCTION

1. Denied. The averments in this paragraph consists of quotes and conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

2. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, accordingly, the same are denied.

3. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

4. Admitted.

5. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

6. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

7. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

8. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, accordingly, the same are denied.

9. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

10. (a)-(m) Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

11. Denied. The averments in this paragraph consists of quotes and conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied

12. Denied. The averments in this paragraph consists of quotes and conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

## JURISDICTION AND VENUE

13. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

14. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

15. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, accordingly, the same are denied.

16. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, accordingly, the same are denied.

## PARTIES

17. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, accordingly, the same are denied.

18. Admitted; by way of further clarification, the correct address is 40 Citation Lane, Lititz, Pennsylvania 17543.

## FACTS APPLICABLE TO ALL CLAIMS

19. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

## DEFENDANT'S ONLINE CONTENT

20. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

21. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

## HARM TO PLAINTIFF

22. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, accordingly, the same are denied.

23. Denied. The averments in this paragraph consists of quotes and conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

24. inclusive of (a)-(b). Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

25. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

25. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

26. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

27. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

28. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

29. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

### DEFENDANT'S KNOWLEDGE OF ONLINE ACCESSIBILITY REQUIREMENTS

30. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

31. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

32. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

### THE PARTIES HAVE NO ADMINISTRATIVE REMEDIES TO PURSUE

33. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

34. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

35. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

36. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

### SUBSTANTIVE VIOLATIONS
### (Title III of the ADA, 42 U.S.C. § 12181 *et seq*.)

37. The responses set forth in paragraphs 1 through 36 are incorporated as if fully set forth herein.

38. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

39. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

40. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

41. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

42. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

43. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

44. inclusive of (a)-(e). Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

45. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

46. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

47. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

48. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

49. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

50. Denied. The averments in this paragraph constitute conclusions of law for which no response is required. In the event a response is deemed appropriate, the same are denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

1. The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. Plaintiff's claims are barred as the Website www.webstaurantstore.com is not a public accommodation as defined by 42 U.S.C. § 12181(7). Defendant does not maintain a physical location, accordingly; (i) there is no nexus between the services or privileges denied Plaintiff and a physical place, and (ii) Plaintiff has not and cannot allege an injury suffered in relation to a place of public accommodation. Ford v. Schering-Plough Corp., 145 F.3d 601 (3d Cir. 1998); Peoples v. Discover Fin. Servs., Inc. 387 Fed Appx. 179, 182 (3d Cir. 2010).

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiff's claims are barred, in whole or in part, as the WCAG 2.0 and 2.1 AA guidelines are neither codified statutory nor regulatory authority, but rather voluntary international guidelines for Web accessibility created by the Web Accessibility Initiative ("WAI") of the World Wide Web Consortium ("W3C") and Defendant's website is not required to be compliant with W3C voluntary guidelines.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction. The Department of Justice ("DOJ") issued an Advance Notice of Proposed

Rulemaking on Accessibility of Web Information and Services Provided by Entities Covered by the ADA on July 26, 2010 ("<u>ANPR</u>"). <u>See</u> 75 Fed. Reg. 43,460, at 43,460 (proposed July 26, 2010) (to be codified at 28 C.F.R. pts. 35 and 36). On January 8, 2012, the DOJ announced that the agency was dividing the rulemakings to proceed with separate notices of proposed rulemakings for Title II and Title III. <u>See</u> Unified Agenda, 78 Fed. Reg. 1317, at 1415 (Jan. 8, 2013)

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff's claims are barred, in whole or in part, by due process and the doctrine of ripeness by the lack of promulgated regulatory authority to provide Defendant with proper legal notice of the regulations that purportedly govern its conduct under the ADA.

**SIXTH AFFIRMATIVE DEFENSE**

6 Plaintiff's claims are barred, in whole or in part, to the extent any modifications and/or barrier removal Plaintiff has demanded is a fundamental alteration pursuant to 42 U.S.C. § 12182(b)(2)(A)(ii).

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's claims are barred, in whole or in part, as the removal of the alleged discriminatory barriers is not readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff's claims are barred, in whole or in part, to the extent the Defendant has made alterations to the Website in accordance with the ADA such that, to the maximum extent feasible, the Website is readily accessible to and usable by individuals with disabilities, including individuals who are visually impaired and any additional alterations are technically infeasible.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff's claims are barred, in whole or in part, as the Defendant made, was in the process of making when the lawsuit was initiated and/or was willing to make reasonable modification to its Website, policies, practices and/or procedures to accommodate the Plaintiff's alleged disabilities.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's claims are barred, in whole or in part, to the extent modifications to Defendant's policies, practices, or procedures are not reasonable. 28 C.F.R. § 36.302.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiff's claims are barred, in whole or in part, as the purported Website barriers are *de minimis* and/or within conventional industry tolerances.

**TWELVTH AFFIRMATIVE DEFENSE**

12. Plaintiff's claims are barred, in whole or in part, as Defendant accommodated, or was ready and willing to accommodate, Plaintiff's alleged disability by providing access via alternate methods other than the removal of the alleged barriers. 42 U.S.C. § 12182 (B)(2)(A)(v); 28 C.F.R. § 36.305.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiff's claims are barred, in whole or in part, to the extent that he seeks any remedy to which the Plaintiff is not entitled under the ADA.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiff's claims are barred, in whole or in part, to the extent that the Defendant has offered or provided an equivalent facilitation that allows access.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims are barred as there is no actual case and controversy between the parties.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims are barred, in whole or in part, because of lack of standing. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555 (1992).

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff's claims are barred, in whole or in part, by the applicable Statute of Limitations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims are barred, in whole or in part, for his failure to allege and evidence past patronage of and intent to return with respect to the Website.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims are barred, in whole or in part, as despite the alleged barriers to the Website, Plaintiff was provided effective access and the features on the Website were useable and accessible despite any alleged noncompliance.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Plaintiff's claims are barred, in whole or in part, for his failure to establish that the alleged barriers can be removed without much difficulty and/or expense.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred, in whole or in part, as Defendant has acted reasonably and in good faith.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Plaintiff's claims are barred, in whole or in part, as moot because the purported policies, practices, procedures and/or the conditions on the Website no longer exist or have never existed, accordingly, the Plaintiff will not be subjected to the same purported barrier(s).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23. To the extent that the Website is adjudicated a public accommodation and non-complaint with the ADA, any such non-compliance was caused by third parties who are outside the direct control of Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Plaintiff's claims are barred, in whole or in part, by laches, waiver and/or estoppel.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Plaintiff's claims are barred, in whole or in part, as the purported changes to the Website would impose an undue burden upon Defendant and/or are practically difficult, if not impossible to implement.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiff's claims for injunctive relief are barred, in whole or in part, as they are based upon underlying claims upon which Plaintiff cannot succeed.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. Plaintiff's claims for injunctive relief are barred, in whole or in part, because Plaintiff has not suffered irreparable harm.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred, in whole or in part, because he has not suffered any damages whatsoever caused by or attributable to the actions or conduct of this Defendant.

### THIRTIETH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred, in whole or in part, because he has failed to mitigate his damages.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31. Plaintiff's claim for attorneys' fees, costs and litigation expenses is barred, in whole or in part, by the inability of the Defendant to readily achieve any remedy to the alleged barriers, Defendant's good faith efforts to accommodate persons subject to the Americans with Disabilities Act, Plaintiff's lack of good faith, and other reasons as may be discovered during the course of this lawsuit.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32. Plaintiff's claim for attorneys' fees and costs are barred or limited by mootness and/or lack of subject matter jurisdiction to the extent that the Website is in compliance with the ADA, comes into compliance with the applicable requirements of the ADA during the pendency of this litigation and prior to the Court granting the Plaintiff relief.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33. Plaintiffs' claims are barred by the doctrine of separation of powers because Plaintiffs cannot request that this Court bypass the Department of Justice's Congressionally mandated rulemaking process by imposing a purely voluntary website accessibility standard, WCAG 2.0, that lacks any legal or regulatory foundation. Thus, Plaintiffs seek to subject Defendant to vague private standards that fail to give Defendant proper legal notice of the exact

regulations that purportedly govern its conduct under the ADA.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims are barred before this Court by the Website's Conditions of Use which provides that by using the Website, the Plaintiff agreed that any dispute or claim would be resolved through binding arbitration instead of court pursuant to the Federal Arbitration Act.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

35. Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent through pre-trial proceedings in this case and hereby reserves all rights to assert such defenses and incorporates all defenses as set forth in Fed.R.C.P. 8 and 12 as though fully set forth herein.

WHEREFORE, the Defendant The Webstaurant Store, Inc. requests that judgment be entered in its favor against Plaintiff, together with all costs of suit, attorneys' fees, expert fees and costs permitted by law, including but not limited to, 42 U.S.C. § 12205, and that the Court enter such further relief as the Court may deem just and proper.

Respectfully submitted:

**LEECH TISHMAN FUSCALDO & LAMPL, LLC**

Dated: November 13, 2020

By: */s/ Alisa N. Carr*
Alisa N. Carr
Pa. I.D. No. 56658

525 William Penn Place, 28th Floor
Pittsburgh, PA 15219
Telephone: (412) 261-1600
Facsimile: (412) 227-5551
acarr@leechtishman.com

Attorneys for Defendant,
The Webstaurant Store, Inc.